1
2
3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

4
5

Johnice Carriere-Bell,                                          Case No.:

6

Plaintiff,

7

vs.                                                  **COMPLAINT**

8
9

Experian Information Solutions, Inc.,
an Ohio corporation,                                 **JURY TRIAL DEMAND**

10

Trans Union, LLC,

11

a Delaware limited liability company,
Equifax Information Services, LLC,

12

a foreign limited liability company, and

13

Capital One Bank, (USA), N.A. d/b/a
Capital One Auto Finance,

14

a national banking association,

15
16

Defendants.

NOW  COMES  THE  PLAINTIFF,  JOHNICE  CARRIERE-BELL,  BY  AND

17
18

THROUGH COUNSEL, the Law Office of Dennis McCarty, who, for her Complaint

19

against the Defendants, pleads as follows:

20
21
22

## **JURISDICTION**

23

1.  Jurisdiction of this court arises under 15 U.S.C. § 1681p.

24
25
26

2.  This  is  an  action  brought  by  a  consumer  for  violation  of  the  Fair  Credit
Reporting Act, 15 U.S.C. § 1681 *et seq*. (hereinafter "FCRA").

27
28

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VENUE

3. Each defendant conducts business within the geographic region subject to the jurisdiction of this Court.

4. Venue is proper in the Northern District of Texas, Dallas Division.

## PARTIES

5. The Plaintiff is a natural person residing in the City of Dallas, Dallas County, Texas.

6. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that conducts business in the State of Texas;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that conducts business in the State of Texas;

   c. Equifax Information Services, LLC ("Equifax"), which is a foreign limited liability company that conducts business in the State of Texas; and

   d. Capital One Bank, (USA), N.A. ("Capital One"), which is a national banking association that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

7.  Cap One Auto is reporting its trade line with account number 6206217643487**** ("Errant Trade Line") on Plaintiff's Experian and Equifax credit files with an inaccurate balance of $5,371 and inaccurate status of "was a charge off." Further, Cap One Auto is reporting its Errant Trade Line on Plaintiff's Trans Union credit file with an incorrect status of "was a charge off."

8.  Mrs. Carriere-Bell does not owe any money for the auto account, which is the subject of the Errant Trade Line, and the account was never charged off.

9.  In November 2016, Mrs. Carriere-Bell's vehicle was involved in an accident and her car was totaled. Her insurance company, Geico, told her that it would pay off the account with Capital One.

10. In January 2017, Mrs. Carriere-Bell received a paid in full letter from Capital One. Further, she received a letter from Geico confirming that it sent a check to Capital One to pay off the account and Capital One accepted.

11. In March 2017, Mrs. Carriere-Bell received a call stating the account was not paid in full.

12. Shortly after, Mrs. Carriere-Bell contacted Capital One to explain to them that the account was paid in full and she received confirmation of the same.

3

13. On June 21, 2017, Mrs. Carriere-Bell obtained her credit files and noticed that Capital One reported the Errant Trade Line with an inaccurate balance of $5,371 and inaccurate status of "was a charge off."

14. On or about August 25, 2017, Mrs. Carriere-Bell submitted a letter to Experian, Equifax and Trans Union (collectively the "CRAs") disputing the Errant Trade Line. In these dispute letters, Mrs. Carriere-Bell explained what transpired with her car and attached the paid in full letter from Capital One and the confirmation of payment from Geico. Mrs. Carriere-Bell asked the credit bureaus to report the Errant Trade line as paid in full and with a $0 balance.

15. Upon information and belief, the CRAs forwarded Mrs. Carriere-Bell's consumer dispute to Capital One.

16. On or about September 1, 2017, Mrs. Carriere-Bell received a correspondence from Experian stating that it was unable to use the documentation she provided with her dispute to make the changes or deletions she requested. Experian further stated that it would contact the furnisher of the information, and that the investigation make take up 30 days.

17. On or about September 15, 2017, Mrs. Carriere-Bell received Trans Union's investigation results which showed that the Errant Trade Line was updated.

4

However, Capital One retained the inaccurate status of "was a charge off" on the Errant Trade Line.

18. On or about September 16, 2017, Mrs. Carriere-Bell received Experian's investigation results which showed that the Errant Trade Line was updated. However, Capital One retained the erroneous balance and incorrect status of, "was a charge off" on the Errant Trade Line.

19. On or about September 20, 2017, Mrs. Carriere-Bell received Equifax's investigation results which showed that the Errant Trade Line was updated. However, Capital One retained the erroneous balance and incorrect status of, "was a charge off" on the Errant Trade Line.

20. On or about September 21, 2017, Mrs. Carriere-Bell received another investigation result from Trans Union which showed the Errant Trade Line was updated to report a $0 balance. However, Capital One continued to report the incorrect status of, "was a charge off" on the Errant Trade Line.

21. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has suffered credit denials

and has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by the CRAs of Mrs. Carriere-Bell's consumer dispute of the incorrect balance and status of the Errant Trade Line, Capital One negligently failed to conduct a proper investigation of Mrs. Carriere-Bell's dispute as required by 15 USC 1681s-2(b), and negligently failed to direct the CRAs to modify, delete or permanently block the incorrect balance and status on the Errant Trade Line.

24. Capital One negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b).

25. The inaccurate information Capital One reported to the CRAs regarding the Errant Trade Line creates a misleading impression on Mrs. Carriere-Bell's consumer credit files.

26. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. Capital One is liable to Mrs. Carriere-Bell by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Mrs. Carriere-Bell has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital One for damages, costs, interest and attorneys' fees.


## <u>COUNT II</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by the CRAs that Mrs. Carriere-Bell disputed the accuracy of the information it was providing, Capital One willfully failed to

conduct a proper reinvestigation of Mrs. Carriere-Bell's dispute, and willfully failed to direct the CRAs to modify, delete, or permanently block its reporting of the Errant Trade Line.

31. Capital One willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

32. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered damages, mental anguish, suffering, humiliation and embarrassment.

33. Capital One is liable to Mrs. Carriere-Bell for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY EXPERIAN**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Carriere-Bell as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mrs. Carriere-Bell that was false, misleading and inaccurate.

37. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Carriere-Bell, in violation of 15 USC 1681e(b).

38. After receiving Mrs. Carriere-Bell's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

40. Experian is liable to Mrs. Carriere-Bell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Carriere-Bell as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mrs. Carriere-Bell that was false, misleading and inaccurate.

44. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Carriere-Bell, in violation of 15 USC 1681e(b).

45. After receiving Mrs. Carriere-Bell's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

47. Experian is liable to Mrs. Carriere-Bell by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Carriere-Bell as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mrs. Carriere-Bell that was false, misleading, and inaccurate.

51. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Carriere-Bell, in violation of 15 USC 1681e(b).

52. After receiving Mrs. Carriere-Bell's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Trans Union is liable to Mrs. Carriere-Bell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.


## <u>COUNT VI</u>

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANS UNION

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Carriere-Bell as that term is defined in 15 USC 1681a.

57. Such reports contained information about Mrs. Carriere-Bell that was false, misleading, and inaccurate.

58. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Carriere-Bell, in violation of 15 USC 1681e(b).

59. After receiving Mrs. Carriere-Bell's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Trans Union is liable to Mrs. Carriere-Bell by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VI</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Carriere-Bell as that term is defined in 15 USC 1681a.

64. Such reports contained information about Mrs. Carriere-Bell that was false, misleading, and inaccurate.

65. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Carriere-Bell, in violation of 15 USC 1681e(b).

66. After receiving Mrs. Carriere-Bell's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

14

67. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

68. Equifax is liable to Mrs. Carriere-Bell by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.


## <u>COUNT VII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

69. Plaintiff realleges the above paragraphs as if recited verbatim.

70. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Carriere-Bell as that term is defined in 15 USC 1681a.

71. Such reports contained information about Mrs. Carriere-Bell that was false, misleading, and inaccurate.

15

72. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Carriere-Bell, in violation of 15 USC 1681e(b).

73. After receiving Mrs. Carriere-Bell's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

74. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Carriere-Bell has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

75. Equifax is liable to Mrs. Carriere-Bell by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

1  DATED: December 18, 2017

2

3                                    Respectfully Submitted:

4

5                                    By: ___/s/ Dennis McCarty_____

6

7                                    Dennis McCarty
                                     Mississippi Bar No. 102733
8                                    Law Office of Dennis McCarty
                                     P.O. Box 111070
9                                    Carrollton, TX 75011
10                                   Phone: 817-704-3375
                                     Fax:  817-887-5069
11                                   Attorney for Plaintiff,
12                                   Johnice Carriere-Bell

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28